

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2004

# Thompson v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Thompson v. Atty Gen USA" (2004). *2004 Decisions.* Paper 99.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/99

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1242

———

ABIODUN O. THOMPSON,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL OF THE UNITED STATES

———

On Petition for Review from the Board of Immigration Appeals
Agency No. A43-355-871

———

Submitted Under Third Circuit LAR 34.1(a): November 19, 2004

Before: SCIRICA, *Chief Judge,* and McKEE and CHERTOFF, *Circuit Judges.*

(Filed December 6, 2004)

———

OPINION

———

Chertoff, *Circuit Judge.*

Appellant Abiodun O. Thompson was ordered removed to Nigeria because he was

convicted of an aggravated felony, namely theft of government funds in an amount over

$10,000, in violation of 18 U.S.C. § 641.  See 8 U.S.C. § 1227(a)(2)(A).  The Board of Immigration Appeals affirmed the removal.  Our jurisdiction to review that decision is limited to the legal question whether the crime of which Thompson was convicted is an aggravated felony under the statute.  See Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001).

The aggravated felony which was applied to Thompson was 8 U.S.C. § 1101(a)(43)(M), covering an "offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $ 10,000." On this appeal, Thompson concedes that he violated 18 U.S.C. § 641, and that § 641 is an offense involving fraud or deceit.  He also acknowledges that he was ordered to pay restitution of $ 17,547 as part of his sentence, which exceeds the required $ 10,000 loss of the victim under subsection (43)(M).  But Thompson argues that he was charged in an indictment which alleged two offenses, 18 U.S.C. § 641 and § 642, and that since he only pled guilty to § 641, it is impossible to determine whether the restitution amount applied to § 641 or § 642.

This argument rests entirely on a false premise.  Thompson was not charged with violating 18 U.S.C. § 641 and § 642.  He was charged with violating 18 U.S.C. § 641 and § 2 – the latter, of course, being not a separate offense but merely the statute that allows aiders and abettors to be punished as if they were principals.  The charging information, plea, and judgment are completely consistent that Thompson was accused of, and pled guilty to a single offense: violation of 18 U.S.C. § 641.  The restitution amount applied to

2

that single count.  The decision of the Immigration Judge and the Board are completely correct and consistent on this point.  Petitioner's claim that there is some ambiguity in the criminal proceedings is entirely the product of his own confusion.

Since Petitioner was convicted of an aggravated felony, we lack jurisdiction to conduct any further review, and we will dismiss the petition.